(99 App. Div. 126)
## WARD v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. CARRIERS—INJURY TO PASSENGER—INSTRUCTIONS—TAKING QUESTION FROM JURY.

Where, in an action against a street railroad company for injuries to a passenger, neither negligence nor contributory negligence appeared as a matter of law, an instruction that if the motorman started the car with a sudden jerk while plaintiff was attempting to board the same, and plaintiff was injured thereby, the verdict should be for the plaintiff, was erroneous, as taking negligence and contributory negligence from the jury.

2. SAME—INSTRUCTIONS.

In an action against a street railroad company for injuries to a passenger, owing to the alleged negligence of the motorman in starting the car while plaintiff was boarding it, an instruction in effect characterizing the motorman's conduct as negligence was erroneous.

Appeal from Trial Term, New York County.

Action by Edward J. Ward against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Bayard H. Ames, for appellant.

Charles W. Lefler, for respondent.

PER CURIAM. The action was brought to recover damages for personal injuries which the plaintiff alleges that he sustained as the result of the negligence of the defendant's servants in starting a south-bound Eighth avenue car while he was in the act of boarding it at Twenty-Third street.

Upon the conclusion of the court's charge to the jury the plaintiff made the following request, which was charged, the defendant duly excepting:

"If the motorman of defendant's car started the same with a sudden jerk before the plaintiff was safely on board, and while he was attempting to board the same, and plaintiff was injured thereby, the verdict will be for the plaintiff."

The error in this charge consists in taking from the jury the questions of negligence and contributory negligence. Where testimony is given, it is the province of the jury to draw the inferences; and, unless it can be held, on the testimony adduced, that the negligence of the defendant and the absence of contributory negligence on the part of the plaintiff are established as matter of law, it is error for the court to intrench upon the right of the jury to determine these questions. It is not contended that the evidence here established, as matter of law, the negligence of the defendant; that being clearly a question of fact for the jury. Nor, as a matter of law, did it appear that the plaintiff was free from contributory negligence. The court, in the charge objected to, however, in-

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1159.

structed the jury that if the motorman started the car with a sudden jerk while plaintiff was boarding it, and the plaintiff was thereby injured, "the verdict will be for the plaintiff." This virtually was concluding that evidence to that effect established, as matter of law, negligence on the part of the defendant, and plaintiff's freedom from contributory negligence. The law is firmly settled that contributory negligence prevents recovery, and that, upon conflicting inferences, it is a question for the jury.

Upon the other branch of the case the court, in effect, characterized the conduct of the motorman as testified to by the witnesses as negligent. In the recent decision of this court in Fiori v. Metropolitan St. Ry. Co. (October term), 90 N. Y. Supp. 521, such a charge was held to be ground for reversal, and therein the authorities are cited and discussed. Although the objectionable charge in that case went further, and referred to the plaintiff's witnesses as having testified to the acts which were characterized as negligent, it was the characterization that constituted the vice in the charge, since it removed from the jury the right to say whether the acts testified to were or were not negligent.

We think, therefore, that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.